# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS L. STROSNIDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-cv-01508 JAR |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Douglas L. Strosnider ("Petitioner")'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The State responded (Doc. No. 8), and Petitioner filed a traverse (Doc. No. 12). For the following reasons, Petitioner's petition is **DENIED** and this action is **DISMISSED**.

**I.     Background**

Following a jury trial on August 7, 2013, Petitioner was convicted of first-degree sodomy of G.S. ("Victim"), a child under the age of 14. He was sentenced on September 25, 2013 to a term of imprisonment of 25 years. Petitioner filed a direct appeal of his conviction and sentence, arguing that the trial court erred in (1) admitting evidence of his prior uncharged misconduct involving "another girl," and (2) failing to declare a mistrial *sua sponte* in response to the prosecutor's statement during closing argument that he had never represented a criminal defendant and that people like Petitioner should be taken off the street. (Doc. No. 8-1 at 5, 6). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the judgment in an unpublished opinion. State v. Strosnider, SD 32952 (Mo. Ct. App. Aug. 19, 2014).

1

Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. In his motion, Petitioner alleged he was entitled to a new trial because: (1) Juror Roger Protte failed to disclose he was acquainted with Petitioner and his family; (2) his trial counsel failed to question and strike Juror Protte when advised to do so by Petitioner; and (3) his trial counsel failed to clarify for the jury during the sentencing phase that Petitioner's related offenses were charges and not convictions. Following an evidentiary hearing, the circuit court denied Petitioner's motion.

Petitioner appealed the denial, raising two points:

(1) The motion court erred because a juror "intentionally failed to disclose during voir dire that he knew [Petitioner's] family and prejudice is presumed from such intentional non-disclosure"; and

(2) The motion court erred because Petitioner's trial counsel was ineffective for failing to "clarify" to the jury during the sentencing phase of Petitioner's trial that Petitioner's "related offenses … were not prior convictions, but only untried pending charges[.]"

The Missouri Court of Appeals affirmed the denial, finding that Petitioner's first point was not cognizable in a claim for post-conviction relief, and that he failed to demonstrate the prejudice necessary to support his second point. Strosnider v. State, 514 S.W.3d 34, 39-41 (Mo. Ct. App. 2016).

Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant § 2254 Petition, Petitioner raises three grounds for relief:

(1) That trial counsel was ineffective for failing to impanel a fair and impartial jury because juror number 22 did not respond to questions on voir dire and was seated on the jury despite knowing Petitioner's family (Doc. No. 1 at 1);

2

(2) That trial counsel was ineffective for failing to move to question and subsequently strike juror number 22 after Petitioner advised him to do so, resulting in a "biased juror" being seated on the jury (id. at 6); and

(3) That trial counsel was ineffective for failing to clarify during the sentencing phase of his jury trial that the related offenses read to the jury were only pending charges, not convictions (id. at 10-11).

**II.    Standard of review**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result." Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme]

3

Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A State court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

### III.  Procedural default

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." Arnold v. Dormire, 675 F.3d 1082, 1086–87 (8th Cir. 2012) (quotations and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." Id. at 1087 (quotation and citation omitted). A petitioner must have "fairly presented the substance of the claim to the state courts … thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." Wemark v. Iowa, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the

4

same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." Id. at 1021 (quotations and citations omitted). A § 2254 applicant's failure to raise a claim in state court results in procedural default. See Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009).

"When a habeas petitioner defaults his federal claims in state court … federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Morgan v. Javois, 744 F.3d 535, 538 (8th Cir. 2013) (quoting Coleman v. Thompson, 501 U.S. 722, 750–51 (1991)). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." Arnold, 675 F.3d at 1087 (quotation and citations omitted). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). To establish that a fundamental miscarriage of justice would result, the petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Murphy v. King, 652 F.3d 845, 850 (8th Cir. 2011) (quotation and citation omitted).

**IV.     Discussion**

**Grounds 1 and 2**

The Court finds Petitioner's first two grounds for relief are procedurally defaulted because he did not raise them on direct appeal, resulting in their dismissal during his post-conviction relief proceedings. Petitioner brought his claims involving Juror Protte before the

motion court. While questioning whether the matter was properly before it, the motion court nonetheless addressed Petitioner's claims and denied them on the merits. (Doc. No. 11-1 at 17-18). On appeal of the motion court's decision, the appellate court found the claim to be noncognizable in a Rule 29.15 motion:

> [Petitioner] did not challenge Juror Protte's presence on the jury in his direct appeal, and the motion hearing revealed that he certainly could have done so. [Petitioner] believed at the time of his trial that Juror Protte knew [Petitioner] and his father and grandfather, and [Petitioner] considered Juror Protte "a friend of [Petitioner's] family[.]" Further, the motion court was entitled to believe trial counsel's testimony that [Petitioner] did not tell him either that [Petitioner] knew Juror Protte or that [Petitioner] did not want Juror Protte on the jury. As a result, no fundamental unfairness appears, and [Petitioner's] situation does not present the type of "rare and exceptional circumstance" that would allow his claim to be brought via post-conviction motion. Point 1 is denied as non-cognizable.

Strosnider, 514 S.W.3d at 40 (internal citations omitted). Accordingly, to be fully exhausted, Petitioner needed to have presented his claims in his direct appeal. See Wilson v. Bowersox, No. 4:13CV1206 JCH, 2014 WL 4749560, at *4 (Sept. 24, 2014). Because Petitioner has not asserted any cause for his failure to raise the claims on direct appeal in state court, see Coleman, 501 U.S at 750, these claims are procedurally defaulted.

Even if Grounds 1 and 2 were not procedurally defaulted, they would fail on the merits. A successful claim of ineffective assistance of counsel requires that a petitioner demonstrate that his counsel's performance was professionally deficient and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014). Here, there was no prejudice because Petitioner considered Juror Protte to be a family friend and because trial counsel testified that Petitioner never told him that one of the jurors had not disclosed knowing him and his family.

**Ground Three**

In his third ground for relief, Petitioner alleges his trial counsel was ineffective for failing to "clarify" during sentencing that Petitioner's related sex offenses, which were read to the jury, were pending charges, not prior convictions. Petitioner claims he demonstrated that he was prejudiced by this failure to "clarify" because the jury later inquired "about prior convictions or pending charges" referenced by the prosecutor, and that it is reasonably likely "that the jury would not have imposed a twenty-five year sentence had they known that [Petitioner] had no prior convictions[.]" (Doc No. 1 at 10-11).

Petitioner unsuccessfully raised this claim in his state post-conviction relief proceedings; the motion court denied the claim on the merits and the Missouri Court of Appeals affirmed. In its decision, the Missouri Court of Appeals wrote:

> We need not decide whether trial counsel was deficient because Movant fails to demonstrate a reasonable probability that he would have received a lesser sentence if trial counsel had behaved differently… "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. at 693.
>
> The jury had been instructed both at the beginning of voir dire and just before closing arguments in the guilt[] phase of Movant's trial that a charge of an offense is not evidence of guilt. The prosecutor's opening statement in the penalty phase characterized the pending charges as "*another case pending against [Movant]*, where he did it to [Victim's] sister too." (Emphasis added.) Victim's testimony about her sister was vague—that "[t]he only thing" her sister told Victim was that Movant did "what he wanted" when he "came back to" Victim's sister when she was 16 years old.
>
> The jury's query during penalty-phase deliberations indicated that it made a distinction between charges and convictions as it specifically referenced both in requesting "what the prosecutor read during sentencing about prior convictions or pending charges[.]" And the trial court's reply "to be guided in your deliberations by your recollection of the evidence and by the instructions of the court" directed the jury's attention back to the admonition that the charge of an offense is not

7

> evidence of guilt. Further, in contrast to the pending charges and the Victim's vague testimony about her sister and Movant, Victim provided significant penalty-phase testimony about Movant's actions toward her. She described his sexual abuse as involving different acts that occurred at multiple locations on nine or ten occasions. She also described how Movant had used money to condition her to submit herself to sexual offenses.
>
> We do not know what "clarified" information Movant believes trial counsel should have presented to the jury about the pending charges, but nothing more than speculation would allow us to conclude that the jury would have recommended less than a 25-year-sentence (a sentence already less than the maximum allowed under section 566.062.2) if trial counsel had provided any additional information about the pending charges in a situation in which it had heard Victim testify about multiple sexual offenses perpetrated against her by Movant, one of which took place when Victim was a very young child.

Strosnider, 514 S.W.3d at 40-41.

The Court finds the state court's decision did not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. In particular, the jury's question suggests they understood the difference between charges and convictions. Moreover, Victim testified about the other charged abuse, so the jury did not have to rely solely on the fact that Petitioner was charged. Lastly, the jury's decision to sentence Petitioner below the maximum suggests they did not overstate the seriousness of the charge; in other words, the jury was not under the mistaken belief that this was one more in a series of convictions. Accordingly, the Court will defer to the state court's decision. Ground 3 will be denied.

**V.     Conclusion**

For these reasons, Petitioner has not shown an entitlement to habeas relief on any of the grounds asserted in his petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Douglas Strosnider's Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED.**

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

A separate judgment will accompany this Memorandum and Order.

Dated this 20th day of April, 2020.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**